IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VETTER G. MOORE, III, | : | No.  4:CV-05-1464 |
| Petitioner | : | (Judge Jones) |
| | : | |
| v. | : | (Magistrate Judge Mannion) |
| | : | |
| GONZALEZ, U.S. ATTORNEY, | : | |
| GENERAL (U.S.A.), N.Y. ATTORNEY | : | |
| GENERAL (State of New York), Dept. | : | |
| Cou. of NY (Attorney Kelly), WARDEN | : | |
| FCI-RAYBROOK, NY, WARDEN SMITH,: | | |
| Respondents. | : | |

## MEMORANDUM AND ORDER

January 3, 2006

## THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

The petitioner, Vetter G. Moore, III, ("Petitioner"), an inmate incarcerated at the United States Penitentiary, in Lewisburg, Pennsylvania ("USP-Lewisburg"), filed this *pro se* Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. In the Petition, Petitioner challenges his transfer from FCI-Raybrook in New York to USP-Lewisburg in Pennsylvania.

The case was referred to United States Magistrate Judge Malachy E. Mannion for preliminary review.  Thereafter, on November 21, 2005, Magistrate Judge Mannion issued a report recommending that the Petition for Habeas Corpus be denied because the Petitioner does not challenge the "fact or duration" of his

1

confinement, but challenges his transfer to USP-Lewisburg. (See Rep. & Rec. at 1-2).

Objections to Magistrate Judge Mannion's Report were due December 9, 2005. On December 13, 2005 and December 15, 2005 the Petitioner filed documents with this Court. (Rec. Docs. 8 and 9). We read one these documents (doc. 8) to indicate that Petitioner is requesting an interlocutory appeal of Magistrate Judge Mannion's Report and Recommendation of November 21, 2005. However, any interlocutory appeal of the Magistrate Judge's Report and Recommendation is premature until this Court adopts or denies the Report and Recommendation. Therefore, although this document (doc. 8) is neither formally entitled "Objections to the Report and Recommendation" nor is it filed timely to be considered objections to the Report and Recommendation, for the Petitioner's protection we will treat it as such and review Magistrate Judge Mannion's Report and Recommendation accordingly.

**STANDARD OF REVIEW:**

When objections are filed to a report of a magistrate judge, we make a *de novo* determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge to which there are objections. See United States v. Raddatz, 447 U.S. 667 (1980); see also 28 U.S.C. §636(b)(1);

2

Local Rule 72.3l.  Furthermore, district judges have wide discretion as to how they treat recommendations of a magistrate judge.  See id.  Indeed, in providing for a *de novo* review determination rather than a *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. See id., see also Mathews v. Weber, 423 U.S. 261, 275 (1976); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

**FACTUAL AND PROCEDURAL BACKGROUND:**

Petitioner filed the Petition on June 30, 2005 in the United States District Court for the Southern District of New York.  By order dated June 30, 2005, the action was transferred to the United States District Court for the Middle District of Pennsylvania and was subsequently filed in this District on July 21, 2005. Petitioner filed this action as a petition for writ of habeas corpus brought pursuant to 28 U.S.C. §2241 ("the Petition"). (Rec. Doc. 1).  Petitioner also submitted an application to proceed *in forma pauperis*.

Following a review of the Petition, Magistrate Judge Mannion issued an order on August 30, 2005 that the clerk's office serve the Petitioner with a form applicable to civil rights actions because the Magistrate Judge found the action was not properly brought as a petition for writ of habeas corpus but would be properly

3

brought as a civil rights action. The Petitioner was either to return the completed application to proceed *in forma pauperis* and authorization form or submit the proper filing fee for a civil rights action within twenty (20) days of the entering of that order.   The Petitioner was advised that the failure to return the application or remit the proper filing fee within the twenty day period would result in a recommendation by Magistrate Judge Mannion that the instant action be dismissed.

Magistrate Judge Mannion issued a Report and Recommendation on November 21, 2005.  Objections to the Report and Recommendation were due by December 9, 2005.   Therefore, the Report and Recommendation is ripe for our review.

## **DISCUSSION:**

Magistrate Judge Mannion recommends that the Petition be dismissed because it was inappropriately filed as a petition for writ of habeas corpus and the Petitioner failed to comply with the Court's August 30, 2005 order by failing to submit the appropriate application to proceed *in forma pauperis* or remit the filing fee applicable to civil rights actions.  (Rec. Doc. 6) Magistrate Judge Mannion's review of the Petition indicates that the Petitioner was not challenging the fact or duration of his confinement, but was actually challenging his objection from FCI-Raybrook in New York to USP-Lewisburg in Pennsylvania, therefore the action is

4

more properly brought as a civil rights action rather than a petition for writ of habeas corpus.

Habeas corpus petitions are the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 498-499 (1973). It is apparent to this Court that Petitioner's challenge of his transfer to a different correctional institution does not "challenge the very fact or duration of the confinement itself." Leamer v. Fauver, 288 F. 3d 532 (3d Cir. 2002). As Magistrate Judge Mannion explained, the instant action should have been filed as a civil rights action pursuant to 42 U.S.C. §1983. (Rec. Doc. 7 at 2).

It is well settled that relief by way of writ of habeas corpus is quite limited. See Leamer, 288 F.3d at 540. The language of §§ 2241 and 2254 coupled with a reading of the common-law history of the writ indicates that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." Preiser, 411 U.S. at 484. Moreover, a "§1983 action is a proper remedy for a . . . prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Preiser, 411 U.S. at 499.

It is apparent to us from the claims set forth in the Petition and the relief requested that a habeas corpus petition is an inappropriate mechanism for settling

Petitioner's claims arising from his transfer to USP-Lewisburg.  Petitioner is not attacking the "fact or length" of his sentence inasmuch as he is not attacking the underlying conviction that caused him to be incarcerated in the first place and thereafter transferred to USP-Lewisburg.   Instead, Petitioner is attacking the "conditions of prison life," by means of attacking his transfer between correctional institutions.   Furthermore, we agree with Magistrate Judge Mannion that Petitioner may properly assert his claims by filing a §1983 action.

We further agree with Magistrate Judge Mannion's recommendation of dismissal based on Petitioner's failure to comply with this Court's Order of August 11, 2005.  (Rec. Doc. 6).  Petitioner failed to either submit an application to proceed *in forma pauperis* or remit the appropriate filing fee for a civil rights action.  Petitioner was forewarned that failure to comply with said Order (doc. 6) would result in a recommendation by Magistrate Judge Mannion for dismissal of the instant action.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. The Report and Recommendation (doc. 7) issued on November 21, 2005 by Magistrate Judge Mannion is adopted in its entirety for the reasons cited herein.

2. The Petition for Habeas Corpus is denied.

3.      The Clerk is directed to close the file on this case.


<u>s/ John E. Jones III</u>
John E. Jones III
United States District Judge